IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VERNON LEE TRAMMELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 07-B-691-S |
| ) | |
| ATTORNEY GENERAL FOR THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

MEMORANDUM OPINION

Vernon Lee Trammell, an inmate in the custody of the Department of Corrections for the State of Alabama, initiated this civil action with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (Doc. #4).[1/]  Mr. Trammell indirectly challenges a sentence imposed in March 1997 in St. Clair County Circuit Court. (Doc. #1). After consideration of the petition, the response, the reply, together with exhibits and the applicable law, the petition for writ of habeas corpus is **DENIED**.

Procedural History

On March 6, 1997[2/] Vernon Lee Trammell entered a plea of guilty to the offense of sodomy in the first degree, a Class A felony under Alabama law. (Doc. #9, exhibit C, pp.19-22, see also § 13A-6-63(2)(b)). Trammell was sentenced as a habitual offender predicated on a prior conviction for rape. (Doc. #9, see also § 13A-5-6(a)(1) and § 13A-5-9(a)(3)). The minimum sentence under Alabama's sentencing scheme in 1997 for the sodomy offense was fifteen years. The sentencing order stated that

---

[1/]  Trammell initially filed the petition in the Middle District of Alabama. The action was transferred to the Northern District of Alabama upon the order of Chief United States District Judge Mark Fuller. (Doc. #1).

[2/]  There are certain exhibits in the materials before the court which suggest that the plea and sentence occurred on March 16, 1997. The parties appear to agree that the proceedings took place on March 6. In any case, the difference in the dates is immaterial.

> The defendant is sentenced to the custody of the Commissioner of the Department of Corrections for a period of <u>fifteen (15) year[s]</u>.... (underscore in original).

(Doc. #9, p.20).

The order also expressly stated

> Split Sentence
>
> The defendant's sentence is suspended, and the defendant is placed on supervised probation for a period of <u>balance of sentence</u>, however, as first condition of probation the defendant shall serve a period of eighteen (18) months in the custody of the Commissioner of the Department of Corrections.... (underscore in original).

(*Id.*, p. 21).

Trammell did not appeal the sentence. It is undisputed that Trammell completed the 18 month custodial portion of his probationary sentence on May 15, 1998. (Doc. #9, exhibit A, Trammell's September 2005 Rule 32 petition). It is also undisputed that in November 2004 Trammell was arrested and charged with a new offense.[3] The new arrest lead to the filing of a Notice of Probation Violation. On January 5, 2005 the sentence of probation imposed March 6, 1997 was revoked and Trammell was returned to the custody of the Department of Corrections. Trammell did not appeal from the revocation proceedings. In July 2005 Trammell filed the first of two petitions purportedly in accord with the provisions of Rule 32 of the *Alabama Rules of Criminal Procedure*. In his petition, Trammell alleged that

> The court was without jurisdiction to render the judgment or impose the sentence.
>
> The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

---

[3]   It appears that Trammell was charged in the United States District Court for the Northern District of Alabama with the offense of felon in possession of a firearm in violation of 18 U.S.C. § 922. (See CR 05-CO-315-E).

2

> Petitioner is being held in custody after his sentence has expired.

(Doc. #C, Trammell's July 2005 Rule 32 petition, p.8).

Trammell also asserted that he had been denied the effective assistance of counsel during the revocation proceeding because

> The petitioner avers that he was denied the effective assistance of counsel during the revocation hearing, because the petitioner avers that his trial counsel was fully aware that the petitioner's probationary period had expired nineteen (19) months prior to the revocation proceedings held against him and did nothing that was required as counsel performing his constitutionally required duties to protect the petitioner's rights.

(*Id.*, p. 12).

The state of Alabama through the District Attorney filed a motion to dismiss in August 2005. (Doc. #C, pp. 17-18). On September 7, 2005 the court granted the state's motion to dismiss. (Doc. #9, exhibit B). Trammell filed a notice of appeal from the dismissal of the Rule 32 petition. (Doc. #9, exhibit E). The appeal was dismissed as untimely by the Alabama Court of Criminal Appeals. (Doc. #9, exhibits G and H). In March 2006, Trammell filed his second Rule 32 petition. (Doc. #9, exhibit A). In the second petition, Trammell repeated his contention that the trial court was without jurisdiction to impose the balance of his 15 year sentence during the revocation proceeding. He also reanimated his ineffective assistance of counsel claim. *Id.* In April 2006, the state of Alabama, through the St. Clair County district attorney filed a response which alleged in part that (1) the petition raised the same grounds as those presented in the 2005 petition which was dismissed and untimely appealed, and (2) that the claims had no basis in law or fact and that Trammell "... relied upon incorrect conclusions of law to support allegations of a lack of jurisdiction." (Doc. #9, exhibit A, pp. 30-31). On April 12, 2006 the St. Clair

County Circuit Court entered a "Final Order on Petition for Post Conviction Relief." (Doc. #9, p.32).

The factual findings which were made without an evidentiary proceeding included the conclusion that

> The defendant, in colloquy with the court, stated that he fully understood his legal rights and was knowingly, thoughtfully and voluntarily entering a plea of guilty to the offense of sodomy in the first degree [on March 6, 1997].
>
> A fully executed "Agreement for Entry of Guilty Plea" form was submitted to the court. In accordance with the agreement between the State and defendant the court sentenced the defendant to a term of fifteen (15) years split sentence to serve eighteen months (18).
>
> Petition subsequently filed Rule 32 petitions which had been denied, as well as a writ of mandamus which was dismissed on August 17, 2005. This newest petition is entitled "Petition from Relief of Conviction of Sentence (pursuant to Rule 32)." On March 29, 2006 the court ordered the state to respond within 30 days, to which response was filed on April 6, 2006.

(Doc. #9, exhibit A, pp.33-34). The court also concluded that Trammell was:

> "... precluded from relief pursuant to Rule 32.2(a), *Alabama Rules of Criminal Procedure*, as he could have raised such issues at trial and/or on appeal.
>
> Petitioner has failed to state a claim upon which relief may be granted pursuant to Rule 32.6(b), *Alabama Rules of Criminal Procedure* as said petition is successive.
>
> Petitioner has failed to state a claim upon which relief may be granted pursuant to Rule 32.6(b), *Alabama Rules of Criminal Procedure*. The petition must contain a clear and specific statement of the grounds upon which relief is sought, including the full disclosure of the factual basis.

*Id.*

Trammell appealed the denial of the second Rule 32 petition. The Alabama Court of Criminal Appeals issued an opinion in which it addressed Trammell's claim that the petition had been dismissed without an evidentiary hearing and that he had received ineffective assistance of counsel during the initial

probation revocation proceeding. The Court of Criminal Appeals addressed the merits of Trammell's underlying sentencing claim and found his claim of ineffective assistance of counsel to be procedurally barred. The court observed that Trammell's ineffective assistance of counsel claim related to his January 5, 2005 probation revocation proceeding and that the March 2006 Rule 32 petition was untimely.[4] Significantly the court also observed, however, that

> Moreover, even if Trammell had timely filed his claim alleging ineffective assistance of counsel, he would not have been entitled to relief. Trammell's substantive argument in support of his claim of ineffective assistance of counsel concerned counsel's failure to argue that Trammell had been dismissed from probation prior to arrest for possession of a firearm. As previously stated, this argument is without merit.

(Doc. #9, exhibit B).

## PROCEDURAL DEFAULT

The state of Alabama recognizes that Trammell's petition in accord with the provisions 28 U.S.C. § 2254 is timely. The state asserts, however, that Trammell's claim of ineffective assistance of counsel is unexhausted and procedurally barred. (Doc. #8, pp.14-15).[5] The state of Alabama contends that the ineffective assistance of counsel claim related to the probation revocation proceeding is barred because Trammell did not preserve the claim in seeking a petition for writ of certiorari from the Alabama Supreme Court following the denial of his 2006 petition.

Trammell asserts that the "statute of limitations" was "tolled" under the Anti-Terrorism and Effective Death Penalty Act (herein "AEDPA). His response addresses only the 2254 petition which the

---

[4] The court apparently did not consider the earlier Rule 32 petition which had also been barred on procedural grounds by the trial court and resulted in a dismissal of the appeal as untimely.

[5] In addition, the state also observes that aspects of Trammell's federal habeas petition are related to claims against his trial counsel's representation in March of 1997. Certainly, any challenge to the representation of counsel in March of 1997 is procedurally barred from both state and federal review. Trammell has not suggested there is cause for more prejudice from that default.

state has conceded was timely. (Doc. #11). Trammell has also asserted, however, that because the St. Clair County Circuit Court allegedly failed to rule on his application to proceed *in forma pauperis* before dismissing his first Rule 32 petition, the provisions of Alabama Rule 32 and its statute of limitation were in some fashion tolled. *Id.*

Under the provisions of Rule 32, *Alabama Rules of Criminal Procedure*, Trammell's claim of ineffective assistance of counsel from the probation revocation proceeding is procedurally barred. The opinion of the Alabama Court of Criminal Appeals applying the procedural bar to the claim addresses only issues of Alabama law. Assuming that a federal constitutional issue was involved in that decision, the Alabama court's interpretation cannot be said to be an unreasonable application of or contrary to controlling federal constitutional law. Accordingly, Trammell's ineffective assistance of counsel claim is procedurally barred.

## THE JURISDICTION CLAIM

Trammell asserts that the St. Clair County Circuit Court was without jurisdiction to revoke his probation in January 2005 because, in his view, he had completed the applicable period of probation some 18 months earlier. Mr. Trammell consistently chides the state of Alabama for failing to apprehend the scope of his sentencing claim. Mr. Trammell arrives at the conclusion that he is entitled to federal habeas relief through a flawed reading of two Alabama statutes related to sentencing and by disregarding controlling Alabama authority. Mr. Trammell's argument is this:

> Section 15-22-54(a), *Code of Alabama*, provides that the period of probation for a felony offense cannot exceed five years.

He also asserts that

> The crime of sodomy in the first degree could not be split under its definition ... And therefore he could not be sentenced to "split sentence" under Title 15-18-8.

Trammell then reasons that because he was convicted of sodomy in the first degree and he believes that a sodomy in the first degree sentence cannot be "split," the maximum term of probation could not have exceeded five years from March 6, 1997.

For the reasons set forth below, and as addressed by the Alabama Court of Criminal Appeals, the conclusion is simply erroneous.

A starting point in the analysis is *Alabama Code* § 13A-5-2(d) which provides that

> Every person convicted of a felony, misdemeanor or violation, <u>except the commission of a criminal sex offense involving a child</u> as defined by § 15-20-21(5) <u>may be placed on probation</u> as authorized by law. (emphasis added).

In addition, Title 15-18-8(a) provides that

> When a defendant is convicted of an offense and receives a sentence of fifteen years or less ... and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby he may order: (1) that the convicted defendant be confined to a prison ... for a period not exceeding three years and <u>that the execution of the remainder of the sentence be suspended</u> and the defendant be placed on <u>probation for such period and upon such terms as the court deems best</u>,[6]

The sentencing documents entered in the St. Clair County Circuit Court in March 1997, clearly and unequivocally state that the defendant was placed on probation for the "balance of the term" or 15 years

---

[6] 15-18-8(a)(2) authorizes the Commissioner of the Department of Corrections to permit a defendant sentenced under the Act to serve his custodial sentence in a disciplinary rehabilitation or conservation camp program. That provision of the Act expressly precludes a person convicted of the offense of sodomy in the first degree from being "eligible for <u>this</u> program." 15-18-8(a)(2) does not, however, preclude a defendant from being sentenced to a term of probation under its terms even if convicted of the offense of sodomy in the first degree.

with a component of that probationary sentence to include 18 months in the custody of the Department of Corrections. Alabama had clearly established as early as 1989 that a sentence under 15-18-8 could lawfully exceed 5 years. In *Burge v. State*, 623 So.2d 450, 451 (Ala. Cr. App. 1993), the Alabama appellate court addressed the issue now presented by Mr. Trammell. Burge had contended that his probationary period of 14 years was unlawful because § 15-22-54(a) limited probation to 5 years in a felony case. Addressing the application of Title 15-18-8 the Court of Criminal Appeals noted that

> The legislature, in enacting 15-18-8 obviously intended to provided that a defendant could be sentenced to imprisonment not exceeding three years, after which he could be placed on probation for the remainder of his sentence, even if that sentence was fifteen years imprisonment. We find no conflict between the two statutes. We construe § § 15-22-54(a) and 15-18-8 so that each is afforded a field of operation. ... Thus, the appellant's contention that the fourteen year probationary period was illegal is without merit.

*Id.* See also *Hatcher v. State*, 547 So.2d 905 (Ala. Cr. App. 1989). See also doc. #9, exhibit B, opinion in *Trammell v. State*.

In *Trammell* the Alabama Court of Criminals Appeals reiterated what it had decided more than a decade earlier. A defendant may be placed on probation for a term of greater than five years when sentenced under Alabama's statute, 15-18-8. It is absolutely clear that Mr. Trammell was sentenced under that provision.[7] Alabama's interpretation of its own sentencing structure produces a result that is consistent with the constitutional requirements of due process. In *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the court held that:

---

[7] Trammell later asserts in papers related to his petition that he was "not aware" that he would have been placed on probation for a period of 15 years and if he had been aware of that fact, he would not have entered a plea of guilty. This is a claim of ineffective assistance of counsel arising at the time of his guilty plea if it is an issue at all. That claim is clearly and unequivocally procedurally barred. Moreover, Trammell never raised such a claim in the probation revocation proceeding nor in his first Rule 32 petition. At the absolute latest he knew of this claim by November 2004. A claim that his plea was unknowing or involuntary is procedurally barred under both Alabama and federal law.

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*

Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in light of established federal law. *Williams*, 529 U.S. at 409, 120 S.Ct. at 1521. See *Hawkins v. Alabama,* 318 F.3d 1302, 1310 (11th Cir. 2003). In light of 2254(d) and *Williams*, Mr. Trammell is not entitled to habeas relief. As determined by the Alabama Court of Criminal Appeals, his ineffective assistance counsel claim related to his representation in the January 2005 probation revocation proceeding is procedurally barred both because it is untimely and because the issue was raised in a successive Rule 32 petition filed in 2006. Moreover, the ineffective assistance of counsel claim as addressed in the alternative by the Alabama Court of Criminal Appeals is without merit. As there is no arguable merit to Trammell's sentencing/jurisdictional claim, as a matter of law he could not be prejudiced by an alleged failure to raise the meritless claim.

Accordingly, the petition for writ of habeas corpus is due to be DISMISSED. A Final Judgment will be entered.

As to the foregoing it is **SO ORDERED** this the 16th day of March, 2009.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE